# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>IVAN L. JEFFERY,<br><br>                                 Debtor. | Chapter 7<br><br>Case No. 16-15037-REF |
| LYNN FELDMAN, as Chapter 7 Trustee of the Estate of Ivan L. Jeffery,<br><br>                                 Plaintiff,<br><br>v.<br><br>ULRICH'S WATER CONDITIONING SERVICE, INC.,<br><br>                                 Defendant. | Adversary No. 18-_____ |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS

Plaintiff, Lynn E. Feldman, Esquire, the chapter 7 trustee (the "Trustee") for the estate of Ivan L. Jeffery (the "Debtor"), by and through her undersigned counsel, Duane Morris LLP, hereby files this Complaint against the above-captioned Defendant to avoid and recover approximately $53,500.00 of fraudulent transfers made by the Debtor, pursuant to 11 U.S.C. §§ 544, 548, and 550, and the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C.S. §§ 5101-5110, and to avoid and recover the challenged transfers. In support thereof, the Trustee avers as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (H).

3. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. Through this adversary proceeding, Plaintiff seeks entry of a judgment against the Defendant pursuant to: (i) 12 Pa. C.S. §§ 5104 and 5105; (ii) 11 U.S.C. § 544; (iii) 11 U.S.C. § 548; and/or (iv) 11 U.S.C. § 550.

## THE PARTIES

5. On July 15, 2016, the Debtor filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), thus commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

6. On July 18, 2016, the Trustee was appointed as chapter 7 trustee for the Debtor and his estate.

7. The Defendant is a corporation Organized under the laws of the state of Florida with a mailing address of 409 Goolsby Street, Wauchula, Florida, 33873, and at all times relevant hereto has been a citizen of Florida.

8. As described below, the Defendant received fraudulent transfers from the Debtor, all of which are subject to avoidance and recovery by the Trustee.

## FACTUAL BACKGROUND

9. Prior to the Petition Date, the Debtor was the sole owner of Wilton Armetale, Inc. ("Wilton"), a business which he operated and from which he received regular income on account of his salary and/or his ownership of the business (the "Wilton Income").

10.     In his capacity as owner of Wilton, the Debtor personally guaranteed certain loans made to Wilton (the "Personal Guarantees"), including, but not limited to: (1) that certain Open-End Mortgage and Security Agreement, Assignment of Rents and Leases, and Fixture Financing Statement between North Mill Capital LLC ("North Mill") and Wilton, dated April 20, 2015, pursuant to which Wilton borrowed the sum of $400,000.00 from North Mill (the "North Mill Mortgage Loan"); and (2) that certain Loan and Security Agreement between North Mill and Wilton, dated April 20, 2015, pursuant to which Wilton was permitted to borrow up to the sum of $4,000,000.00 from North Mill (the "North Mill Revolver," and, collectively with the North Mill Mortgage Loan, the "North Mill Loans").

11.     Prior to entry into the North Mill Loans, Wilton had borrowed money from M&T Bank ("M&T") which loan (the "M&T Loan") was refinanced through the proceeds of the North Mill Loan.

12.     In connection with the M&T Loan, the Debtor entered into a Personal Guarantee with M&T.

13.     The Debtor entered into the Personal Guarantees despite not having sufficient personal assets to satisfy them.

14.     The Debtor's Amended Schedule A/B filed August 29, 2016 (Doc. No. 33) indicates that other than some low value personality (including two cars, valued collectively at less than $7,000.00), the Debtor's only significant individual asset is his IRA account.

15.     Because the Debtor's IRA account is outside of the reach of creditors, and is therefore not applicable in a solvency analysis, and because the value of the Debtor's liabilities exceeded the value of his assets, the Debtor was rendered insolvent by virtue of the Personal Guarantees.

16. Prior to the commencement of this bankruptcy case, the Debtor and his wife jointly owned property in Birdsboro, Pennsylvania, the purchase of which was financed, among other things, by a loan which was collateralized by a certain mortgage secured by the property (the "Birdsboro Mortgage").

17. Also prior to the commencement of this bankruptcy case, the Debtor's wife established a trust (the "Trust") to acquire certain property located at 42584 Maggie Jones Road, Paisley, Florida 32767 (the "Pecan Farm").

18. Upon information and belief, the establishment of the Trust and the acquisition of the Pecan Farm were undertaken in order to allow the Debtor's wife to gain benefits under various tax and estate laws.

19. At all times material hereto, the Trust owned the entirety of the interest in the Pecan Farm, and the Debtor had no interest in the Pecan Farm.

**Transfers to Defendant**

20. Prior to the Petition Date, the Debtor made certain transfers to the Defendant (each a "Transfer," and collectively, the "Transfers").

21. All of the Transfers were made in connection with the operation and maintenance of the Pecan Farm and were for the sole benefit of the Pecan Farm.

22. All of the Transfers were paid for by the Debtor.

23. The Pecan Farm is not and was not at any relevant time property of the Debtor or his estate and neither the Debtor nor his estate have any interest therein.

24. Rather, as stated above, the Pecan Farm is owned solely and entirely by the Trust.

25. Accordingly, none of the Transfers was made for the benefit of the Debtor, and each Transfer further depleted the Debtor's assets, rendering him more insolvent.

26. During the four (4) year period prior to the Petition Date, the Debtor made Transfers to the Defendant, which, in the aggregate, totaled $53,500.00.

27. The amount of each Transfer, the date of each Transfer, and the method of payment of each Transfer are set forth on Exhibit A, which is attached hereto and incorporated herein by reference.

## COUNT I
### Avoidance of Transfers Under 12 Pa.C.S. § 5104(a) and 11 U.S.C. § 544

28. The Trustee repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

29. During the four (4) year period immediately preceding the Petition Date, the Debtor made the Transfers to the Defendant.

30. Each of the Transfers was a transfer of property of the Debtor to the Defendant, and each such Transfer constitutes a "transfer" within the meaning of the Pennsylvania Uniform Fraudulent Transfer Act ("UFTA") and the Bankruptcy Code.

31. At all times material hereto, the Debtor was insolvent and had at least one creditor prior to making each of the Transfers, specifically, M&T, North Mills, or the bank that held the Birdsboro Mortgage.

32. Each time a Transfer occurred, the Debtor was rendered even more insolvent by virtue of that Transfer.

33. The Debtor received no value whatsoever in exchange for the Transfers alleged in this case – let alone reasonably equivalent value – because all value was received by the Pecan Farm, which is not and was not at any relevant time property of the Debtor.

34. Accordingly, the Transfers constitute avoidable fraudulent transfers pursuant to 12 Pa.C.S. § 5104(a) and Bankruptcy Code section 544 and, as such, they are recoverable from the Defendant pursuant to Bankruptcy Code section 550(a).

35. Despite prior demand, the Defendant has not returned the Transfers (or the monetary equivalent thereof) to the Trustee.

## COUNT II
### Avoidance of Transfers Under 12 Pa.C.S. § 5105 and 11 U.S.C. § 544

36. The Trustee repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

37. Each of the Transfers was a transfer of property of the Debtor to the Defendant made within the four (4) year period immediately preceding the Petition Date, and each such Transfer constitutes a "transfer" within the meaning of the UFTA and the Bankruptcy Code.

38. At all times material hereto, the Debtor had at least one creditor prior to making each of the Transfers, specifically, M&T, North Mills, or the bank that held the Birdsboro Mortgage.

39. At the time of each of the Transfers, the Debtor was either insolvent or was rendered insolvent as a result of the Transfer.

40. At no time during the relevant time period did the Debtor possess assets sufficient to satisfy his obligations due and owing on account of the Personal Guarantees of the M&T Loan and/or the North Mill Loans.

41. The total of the Debtor's debt has been, and continues to be, greater than his available assets.

42. For the reasons set forth herein, in exchange for each of the Transfers, the Debtor received no value whatsoever – let alone reasonably equivalent value – as all value was received by the Pecan Farm, which is not and was not at any relevant time property of the Debtor.

43. Accordingly, the Transfers constitute avoidable fraudulent transfers pursuant to 12 Pa. C.S. § 5105, and Bankruptcy Code section 544 and, as such, they are recoverable from the Defendant pursuant to Bankruptcy Code section 550(a).

44. Despite prior demand, the Defendant has not returned the Transfers (or the monetary equivalent thereof) to the Trustee.

## COUNT III
### Avoidance of Transfers Under 11 U.S.C. § 548(a)(1)(B)

45. The Trustee repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

46. Each payment made by the Debtor on behalf of and/or for the benefit of the Pecan Farm was a "transfer" within the definition of 11 U.S.C. § 101(54)(D)(i) or (ii).

47. Each of the Transfers was a transfer of property, or of an interest in property, of the Debtor to the Defendant.

48. As set forth herein, in exchange for each of the Transfers, the Debtor received no value whatsoever – let alone reasonably equivalent value – because all value was received by the Pecan Farm, which is not and was not at any relevant time property of the Debtor.

49. In addition, at the time each of the Transfers was made or such obligation was incurred, the Debtor: (a) was insolvent or became insolvent as a result of the Transfer; or (b) intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

50. Accordingly, the Transfers constitute avoidable fraudulent transfers pursuant to Bankruptcy Code section 548(a)(1)(B) and, as such, they are recoverable from the Defendant pursuant to Bankruptcy Code section 550(a).

51. Despite prior demand, the Defendant has not returned the Transfers (or the monetary equivalent thereof) to the Trustee.

## COUNT IV
### Recovery of Transfers Under 11 U.S.C. § 550

52. The Trustee repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

53. The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 544 and 548.

54. As set forth on Exhibit A, the Defendant was the initial transferee of each of the Transfers or the entity for whose benefit the Transfers were made or, alternatively, the immediate or mediate transferee of such initial transferee, and is liable for the return of the Transfers (or the amount thereof).

55. Pursuant to Bankruptcy Code section 550(a), the Trustee is entitled to recover from the Defendant the Transfers or the amount thereof plus interest thereon to the date of payment as well as costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee requests entry of judgment in her favor and against the Defendant as follows:

(a) On Counts I, II and III, judgment in favor of the Trustee and against the Defendant and an Order avoiding the Transfers, or the value thereof;

  (c)  On Count IV, judgment in favor of the Trustee and against the Defendant and an Order directing the Defendant to return to the Plaintiff the amount of the Transfers pursuant to Bankruptcy Code sections 544, 548, and 550(a);

  (d)  Awarding prepetition and postpetition interest on the amounts owed by the Defendant to the full extent allowable under applicable law; and

  (e)  Granting such other and further relief as the Court deems just and proper.

Dated: April 6, 2018

DUANE MORRIS LLP

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler, Esq. (PA I.D. 56029)
30 South 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1514
Facsimile: (215) 979-1020
Email: ljkotler@duanemorris.com

*Counsel to Lynn E. Feldman, Esquire, the Chapter 7 Trustee for the Debtor's Estate*

**EXHIBIT "A"**

| Tranferee | Date of Transfer | Check No. | Amount | Transfer From Account Held With | Account Number |
|---|---|---|---|---|---|
| Ulrich's Pitcher Pump | 3/9/2015 | 443 | $7,000.00 | United Southern Bank | xxx3766 |
| Ulrich's Pitcher Pump | 7/21/2015 | 995131 | $24,000.00 | United Southern Bank | xxx3766 |
| Ulrich's Pitcher Pump | 8/3/2015 | 6102 | $22,500.00 | National Penn Bank | xxxx4528 |
| **Total Amount of Transfers** | | | **$53,500.00** | | |